IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
MORGAN COUNTY, ILLINOIS

SUSIE DOUGHERTY,                      )
                                      )
                 Plaintiff,           )
                                      )
     . vs.                            )     No.: 2015 - L - 14
                                      )
CITY OF WAVERLY, a municipal          )
corporation, JEREMY ANGELO,           )
DAVE SEARCY, and JASON DIVJAK,        )
                                      )
                 Defendants.          )

FILED
APR 29 2015
THERESA LONERGAN
Clerk of Circuit Court Morgan, Co. IL

## COMPLAINT AT LAW

NOW COMES the Plaintiff, Susie Dougherty, by and through her attorney, Edmund J. Scanlan, and complaining of the Defendants, City of Waverly, a municipal corporation, Jeremy Angelo, Dave Searcy, and Jason Divjak, states as follows:

### Common Allegations

1.     Plaintiff, Susie Dougherty, date of birth April 30, 1996, was at all times relevant herein living in the City of Waverly, Illinois, with her foster family and at all relevant times herein 16 years old.

2.     Defendant, City of Waverly, is a municipal corporation located in Morgan County, Illinois.

3.     Defendant, Jeremy Angelo, was a City of Waverly part-time police officer from 2011 until approximately March 15, 2013, and at all relevant times herein, was acting under color of the law and within the scope of his employment as a Waverly police officer.

4.     Defendant, Dave Searcy, at all times material herein, was the Waverly Police Chief and was acting under color of the law and within the scope of his employment.

5.     Defendant, Jason Divjak, was a City of Waverly Assistant Police Chief and at all times relevant herein was acting under color of the law and within the scope of his employment as a Waverly Assistant Police Chief.

6.     Beginning in the summer of 2012 and continuing through March 14, 2013, the defendant, Jeremy Angelo, on at least 25 to 30 occasions while on duty and in uniform, would pull up his squad car alongside the then minor plaintiff, Susie Dougherty, as she was walking in the City of Waverly and would tell her, "You are my best friend; hi, best friend."

7.     On each of these occasions, the then minor plaintiff, Susie Dougherty, would feel compelled to converse with the defendant, Jeremy Angelo, because he was a police officer on duty.

8.     On at least 15 to 20 occasions in 2012 and 2013, the defendant, Jeremy Angelo, while on duty and in uniform, would go to the Waverly High School, where the then minor plaintiff, Susie Dougherty, was a student, and stare at her and ask her where she was going after school.

9.     On several occasions in late 2012 and 2013, the defendant, Jeremy Angelo, while on duty and in uniform, would go to the then minor plaintiff's high school and stand under a ladder the then minor plaintiff had climbed in order to hang up signs for basketball games and stare at her inappropriately.

2

10.    On several occasions in 2012 and 2013, the defendant, Jeremy Angelo, while on duty and in uniform, would pull up his squad car alongside cars where the then minor plaintiff, Susie Dougherty, was a passenger and ask her what she was doing and where she was going.

11.    In the summer of 2012, the defendant, Jeremy Angelo, while on duty and in his squad car, observed the then minor plaintiff, Susie Dougherty, walking in Waverly and asked her to come to his car and instructed her to get into the front seat with him while he was engaged in his duties as a Waverly police officer.

12.    That the defendant, Jeremy Angelo, made several postings on the then minor plaintiff's Facebook page, and on at least one occasion posted: "You are so cute."

13.    That the constant attention the then minor plaintiff, Susie Dougherty, was receiving from the defendant, Jeremy Angelo, made her feel uncomfortable, but she felt she had to accept it because the defendant was in a position of authority as a Waverly police officer.

14.    On March 14, 2013 at about 7:00 p.m., the defendant, Jeremy Angelo, while in uniform and on duty and in his squad car, pulled alongside the then minor plaintiff, Susie Dougherty, and her friend as they were walking in Waverly and attempted to engage the then minor plaintiff in a conversation.

15.    At approximately 7:30 p.m. on March 14, 2013, the then minor plaintiff, Susie Dougherty, and her girlfriend were walking near the Waverly Police Department and the defendant, Jeremy Angelo, came out of the police station and asked them what they were doing and to stop by anytime.

3

16.      That after this latest encounter with the defendant, Jeremy Angelo, at approximately 7:45 p.m., the then minor plaintiff, Susie Dougherty, and her friend went to her girlfriend's home in Waverly where the then minor plaintiff remained until approximately 9:30 p.m.

17.      At approximately 9:20 p.m., the defendant, Jeremy Angelo, while in the Waverly Police Department, posted on the then minor plaintiff's Facebook page: "Are you coming back?"

18.      That the plaintiff, feeling compelled, went to the front of the Waverly Police Department at 181 North Pearl Street, arriving around 9:30 p.m., where the defendant, Jeremy Angelo, was on duty and in uniform, was standing.

19.      That when the then minor plaintiff, Susie Dougherty, arrived at the front of the police station, the defendant, Jeremy Angelo, asked her: "Could you come around to the back door?", which plaintiff understood to mean the back door of the police station.

20.      That the then minor plaintiff, Susie Dougherty, then asked the defendant, Jeremy Angelo, why she should go to the back door, and defendant Angelo responded: "I have papers for your younger sister," referring to a Waverly Police report regarding an accident in which plaintiff's younger sister was injured.

21.      That the plaintiff, Susie Dougherty, then went to the back of the Waverly Police Department, and the defendant, Jeremy Angelo, having reentered the front door of the police station, opened the back door of the police station and plaintiff entered the Waverly Police Station at 181 North Pearl Street.

4

22. That at this time and at all times relevant herein, Assistant Police Chief, Jason Divjak, was on duty in uniform and acting within the scope of his employment, and as such, he had the authority and duty to supervise the Waverly Police station and the defendant, Jeremy Angelo.

23. That upon entering the Waverly Police station, the then minor plaintiff, Susie Dougherty, asked the defendant, Jeremy Angelo: "What about the papers?"

24. That the defendant, Jeremy Angelo, then told the plaintiff: "Hold on! Can I have a hug?"

25. That immediately thereafter, the defendant, Jeremy Angelo, hugged the then minor plaintiff, Susie Dougherty, and began kissing her in a room in the Waverly Police station.

26. That after hugging and kissing the then minor plaintiff, Susie Dougherty, the defendant, Jeremy Angelo, then sexually assaulted her on a cleared off table in a room in the back of the Waverly Police station. This sexual assault included defendant Angelo's penis penetrating the then minor plaintiff's vagina.

27. That this sexual assault lasted at least 30 minutes and occurred within the Waverly Police station while Assistant Police Chief Jason Divjak was present in the station.

28. That as the defendant, Jeremy Angelo, was putting his uniform back on following the sexual assault, Assistant Police Chief Jason Divjak walked to the back of the police station where he observed defendant Angelo and the then minor plaintiff, Susie Dougherty, who was also putting her clothes back on, and a cleared off table that defendant Angelo used for the sexual assault.

5

29.    That upon observing the defendant, Jeremy Angelo, and the then minor plaintiff, Susie Dougherty, Jason Divjak stated to defendant Angelo: "You need to have the girl leave, and you need to take a bath."

30.    That the defendant, Jeremy Angelo, told the then 16 year-old plaintiff, Susie Dougherty: "Just leave, get out."

31.    That the then minor plaintiff, Susie Dougherty, left the Waverly Police station by way of the back door at approximately 10:15 p.m. on March 14, 2013, and walked one-half mile to her home at 156 East Vandalia, Waverly, Illinois, alone.

32.    That shortly after the then minor plaintiff, Susie Dougherty, left the Waverly Police station on March 14, 2013, Assistant Police Chief Jason Divjak called the Waverly Police Chief, Dave Searcy, who was off duty.

33.    That shortly thereafter, Police Chief Searcy arrived at the Waverly Police station and spoke with Assistant Chief Divjak and Officer Jeremy Angelo.

34.    That after the discussion with Chief Searcy, defendant Angelo resigned and/or was terminated from his employment with the Waverly Police Department. Defendant Angelo was then allowed to leave the Waverly Police station.

35.    That after the plaintiff, Susie Dougherty, left the police station on March 14, 2013, defendant Angelo messaged plaintiff on Facebook: "Don't tell anybody."

36.    That at no time following the sexual assault on March 14, 2013 did Chief Searcy, Assistant Chief Divjak or any member of the Waverly Police Department or City of Waverly call the then minor plaintiff's mother, Tiffany Dougherty, to advise her that her daughter had been sexually assaulted inside the Waverly Police station by Officer Jeremy Angelo.

6

37.     That during 2012 and 2013, the defendant, Jeremy Angelo, had numerous inappropriate flirtations and/or sexual relations with other minor female residents of Waverly, and these facts were known to many people in Waverly and were known or should have been known to the Waverly Police Department, including Chief Dave Searcy and Assistant Chief Jason Divjak.

38.     That the City of Waverly installed a video camera in front of the Waverly Police Department at 181 North Pearl, and it would have recorded defendant Angelo and the then minor plaintiff, Susie Dougherty, in front of the police station on the night of March 14, 2013. The video camera was removed at some point after March 14, 2013.

39.     That the defendant, Jeremy Angelo, pled guilty to the charge of criminal sexual assault and is currently serving a sentence of four years in the Illinois Department of Corrections.

**COUNT I**

**Intentional Infliction of Emotional Distress vs. City of Waverly**

1-39.   Plaintiff realleges and readopts paragraphs 1 through 39 of the Common Allegations as and for paragraphs 1 through 39 of County I, as though fully set forth herein.

40.     That on March 14, 2013, at approximately 9:30 p.m. when defendant, Jeremy Angelo, asked the then minor plaintiff, Susie Dougherty, to enter the Waverly Police station by way of the back door, when the minor plaintiff entered the police station, the defendant, City of Waverly, entered into a "voluntary custodian/protectee" relationship with the then minor plaintiff.

7

41.     The defendant, City of Waverly, by and through its agent and employee, Jeremy Angelo, engaged in extreme and outrageous conduct as a result of defendant Jeremy Angelo's sexual assault and sexual intercourse with the then minor plaintiff and thereby intentionally inflicted severe physical and emotional distress upon the plaintiff, Susie Dougherty.

42.     Plaintiff, Susie Dougherty, is a person of ordinary sensibilities.

43.     The defendant, City of Waverly, defendant, Jason Divjak, and defendant, Dave Searcy, knew, or had reason to know, that they had the ability to control its agent and employee, defendant Jeremy Angelo.

44.     The defendant, City of Waverly, defendant, Jason Divjak, and defendant, Dave Searcy, knew, or should have known, of the necessity and opportunity for exercising such control.

45.     That as a direct and proximate result of the extreme and outrageous conduct of the defendant, City of Waverly, the plaintiff has suffered physical pain and suffering, severe emotional distress, including sleeplessness, nervousness, psychological damages, mental anguish, delay in education, humiliation, and she has and will expend large sums of money in an effort to be cured of her injuries, and she has and will lose great gains she would have realized, but for said injuries.

. WHEREFORE, the Plaintiff, Susie Dougherty, demands judgment against the Defendant, City of Waverly, a municipal corporation, in excess of Fifty Thousand Dollars ($50,000.00), plus the costs of this lawsuit.

8

## COUNT II

### Assault and Battery vs. City of Waverly

1-39.  Plaintiff realleges and readopts paragraphs 1 through 39 of the Common Allegations as and for paragraphs 1 through 39 of County II, as though fully set forth herein.

40.    That on March 14, 2013, at approximately 9:30 p.m. when defendant, Jeremy Angelo, asked the then minor plaintiff, Susie Dougherty, to enter the Waverly Police station by way of the back door, when the minor plaintiff entered the police station, the defendant, City of Waverly, entered into a "voluntary custodian/protectee" relationship with the then minor plaintiff.

41.    That the defendant, City of Waverly, by and through its agent and employee, Jeremy Angelo, without provocation, physically assaulted, battered, sexually assaulted and molested the then minor plaintiff, Susie Dougherty, and intended to harm the then minor plaintiff.

42.    Plaintiff, Susie Dougherty, is a person of ordinary sensibilities.

43.    The defendant, City of Waverly, defendant, Jason Divjak, and defendant, Dave Searcy, knew, or had reason to know, that they had the ability to control its agent and employee, defendant Jeremy Angelo.

44.    The defendant, City of Waverly, defendant, Jason Divjak, and defendant, Dave Searcy, knew, or should have known, of the necessity and opportunity for exercising such control.

45.    That as a direct and proximate result of the extreme and outrageous conduct of the defendant, City of Waverly, the plaintiff has suffered physical pain and

9

suffering, severe emotional distress, including sleeplessness, nervousness, psychological damages, mental anguish, delay in education, humiliation, and she has and will expend large sums of money in an effort to be cured of her injuries, and she has and will lose great gains she would have realized, but for said injuries.

WHEREFORE, the Plaintiff, Susie Dougherty, demands judgment against the Defendant, City of Waverly, a municipal corporation, in excess of Fifty Thousand Dollars ($50,000.00), plus the costs of this lawsuit.

**COUNT III**

**Negligent Supervision vs. City of Waverly, Dave Searcy and Jason Divjak**

1-39.    Plaintiff realleges and readopts paragraphs 1 through 39 of the Common Allegations as and for paragraphs 1 through 39 of County III, as though fully set forth herein.

40.    That on March 14, 2013, at approximately 9:30 p.m. when defendant, Jeremy Angelo, asked the then minor plaintiff, Susie Dougherty, to enter the Waverly Police station by way of the back door, when the minor plaintiff entered the police station, the defendant, City of Waverly, entered into a "voluntary custodian/protectee" relationship with the then minor plaintiff.

41.    Defendant, City of Waverly, by and through its Assistant Police Chief, Jason Divjak, and its Police Chief, Dave Searcy, had a duty to supervise its police officers, including the defendant, Jeremy Angelo.

42.    The defendant, City of Waverly, defendant, Jason Divjak, and defendant, Dave Searcy, knew, or had reason to know, that they had the ability to control its agent and employee, defendant Jeremy Angelo.

10

43.    The defendant, City of Waverly, defendant, Jason Divjak, and defendant, Dave Searcy, knew, or should have known, of the necessity and opportunity for exercising such control.

44.    That notwithstanding the aforesaid duty, the defendant, City of Waverly, by and through its duly authorized agents and employees, including defendants, Jason Divjak and Dave Searcy, were guilty of one or more of the following acts and/or omissions:

      (a)    failed to monitor the activities within its police station to discover the criminal sexual assault of a minor occurring in its police station;

      (b)    failed to monitor the inappropriate conduct of its officer in stalking the then minor plaintiff and other minor females while on duty and in uniform in the years 2012 and 2013;

      (c)    allowed the then minor plaintiff to enter the back door of its police station, when Assistant Chief Jason Divjak was in the station and knew, or should have known, that defendant Angelo was talking with her at about 9:30 p.m. in front of the station;

      (d)    permitted an unescorted minor female to enter the back door of its police station at 9:30 p.m.;

      (e)    failed to instruct defendant Angelo that continued stalking of the then minor plaintiff and other minor females would result in discipline and/or termination;

      (f)    failed to adopt a policy prohibiting its officers from bringing unescorted minor females into its police station at night;

      (g)    allowed defendant Angelo to bring the minor plaintiff into the police station at night and sexually assault and molest her.

45.    That as a direct and proximate result of the extreme and outrageous conduct of the defendants, City of Waverly, Dave Searcy and Jason Divjak, the plaintiff

11

has suffered physical pain and suffering, severe emotional distress, including sleeplessness, nervousness, psychological damages, mental anguish, delay in education, humiliation, and she has and will expend large sums of money in an effort to be cured of her injuries, and she has and will lose great gains she would have realized, but for said injuries.

WHEREFORE, the Plaintiff, Susie Dougherty, demands judgment against the Defendants, City of Waverly, a municipal corporation, Dave Searcy and Jason Divjak, in excess of Fifty Thousand Dollars ($50,000.00), plus the costs of this lawsuit.

## COUNT IV

### Assault and Battery vs. Jeremy Angelo

1-39.   Plaintiff realleges and readopts paragraphs 1 through 39 of the Common Allegations as and for paragraphs 1 through 39 of County IV, as though fully set forth herein.

40.     That on the evening of March 14, 2013 in the Waverly Police station, without provocation, the defendant, Jeremy Angelo, physically assaulted, battered, sexually assaulted and molested the then minor plaintiff, Susie Dougherty, and intended to harm the then minor plaintiff.

41.     That the defendant, Jeremy Angelo, has pled guilty to a charge of criminal sexual assault on plaintiff, Susie Dougherty, regarding this March 14, 2013 battery, sexual assault and molestation.

42.     That as a direct and proximate result of the extreme and outrageous conduct of the defendant, Jeremy Angelo, the plaintiff has suffered physical pain and suffering, severe emotional distress, including sleeplessness, nervousness, psychological

12

damages, mental anguish, delay in education, humiliation, and she has and will expend large sums of money in an effort to be cured of her injuries, and she has and will lose great gains she would have realized, but for said injuries.

WHEREFORE, the Plaintiff, Susie Dougherty, demands judgment against the Defendant, Jeremy Angelo, in excess of Fifty Thousand Dollars ($50,000.00), plus the costs of this lawsuit.

## COUNT V

### 42 U.S.C. § 1983 – Fourth Amendment

1-39.   Each of the paragraphs in this complaint is incorporated as if restated fully herein.

40.   As described in the preceding paragraphs, the defendant officers, Jeremy Angelo, Dave Searcy and Jason Divjak, violated plaintiff's Fourth Amendment right to be free from unreasonable search and seizure.

41.   The misconduct described in this count was objectively unreasonable and was undertaken intentionally with willful indifference to plaintiff's Constitutional rights.

42.   The misconduct described in this count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

43.   The misconduct described in this count was undertaken pursuant to the policy and practice of the Waverly Police Department in that:

a)   As a matter of both policy and practice, the Waverly Police Department directly encourages and is thereby the moving force behind the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

13

b)     As a matter of both policy and practice, the Waverly Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Waverly police officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting plaintiff; specifically, Waverly police officers accused of sexual misconduct against citizens can be confident that the city will not investigate those accusations in earnest and will refuse to recommend discipline even where the officer has engaged in sexual misconduct constituting an unreasonable seizure in violation of the Fourth Amendment;

c)     The Waverly Police Department has failed to act to remedy the patterns of abuse described in the preceding subparagraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

44.     The misconduct described in this count was undertaken by defendants, Jeremy Angelo, Dave Searcy and Jason Divjak, within the scope of their employment and under color of law such that their employer, City of Waverly, is liable for their actions.

45.     As a result of unjustified and unreasonable conduct of the defendant officers, as well as the city's policy and practice, plaintiff has suffered physical pain and suffering, severe emotional distress, including sleeplessness, nervousness, psychological damages, mental anguish, delay in education, humiliation, and she has and will expend large sums of money in an effort to be cured of her injuries, and she has and will lose great gains she would have realized, but for said injuries.

14

WHEREFORE, the Plaintiff, Susie Dougherty, demands judgment against the Defendants, City of Waverly, a municipal corporation, Jeremy Angelo, Dave Searcy and Jason Divjak, awarding compensatory damages and attorneys' fees, as well as punitive damages, against the Defendants, Jeremy Angelo, Dave Searcy and Jason Divjak, in their individual capacities, as well as any other relief the Court deems just and proper.

EDMUND J. SCANLAN

EDMUND J. SCANLAN
Attorney for Plaintiff
8 South Michigan Avenue, Suite 2700
Chicago, IL 60603
(312) 422-0343
(312) 422-0358 (*facsimile*)
ARDC #02466643

15

STATE OF ILLINOIS        )
                         ) SS.
COUNTY OF COOK           )

### AFFIDAVIT

EDMUND J. SCANLAN hereby states that in his opinion the damages in the

foregoing lawsuit exceed the sum of $50,000.00.

EDMUND J. SCANLAN

SUBSCRIBED AND SWORN TO

before me this _28th_ day of April, 2015.

NOTARY PUBLIC
ELIZABETH V. SCANLAN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 4-16-2016

EDMUND J. SCANLAN
Attorney for Plaintiff
8 South Michigan Avenue, Suite 2700
Chicago, IL 60603
(312) 422-0343
(312) 422-0358 *(facsimile)*
ARDC #02466643